**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4492

DONALD SCOTT SPANN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Salisbury.
William L. Osteen, Sr., District Judge.
(CR-96-242)

Submitted: March 31, 1998

Decided: June 22, 1998

Before MURNAGHAN, WILKINS, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin David Porter, MORROW, ALEXANDER, TASH &
LONG, Winston-Salem, North Carolina, for Appellant. Walter C.
Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Scott Spann pled guilty to bank robbery, 18 U.S.C.A. § 2113(a) (West Supp. 1998), and was sentenced as a career offender to a term of 160 months imprisonment. See U.S. Sentencing Guidelines Manual § 4B1.1 (1995). Spann appeals his sentence, asserting that the district court erred in finding that two of his predicate felony convictions were "punishable by imprisonment for a term exceeding one year." See USSG § 4B1.2(1). We affirm.

A defendant is a career offender if he is at least eighteen years old at the time of the instant offense, the instant offense is a crime of violence or a drug offense, and he has at least two prior felony convictions for either a crime of violence or a drug offense. See USSG § 4B1.1. Under the federal sentencing guidelines, a prior felony conviction is defined as a conviction of any federal or state offense punishable by a term of imprisonment exceeding one year, regardless of whether the offense is designated as a felony and regardless of the sentence actually imposed. See USSG #8E8E # 4A1.2, comment. (n.3), 4B1.1(1). Spann had prior state convictions for assault with a deadly weapon and assault on a female--offenses which at the time were punishable by imprisonment of up to two years.*

Spann argues that the assault convictions were not punishable by a term exceeding one year because, with good time credits, a defen-

_____

*Spann's convictions took place in 1989 and 1993. In 1994, the North Carolina legislature reduced the maximum sentence for these offenses to 150 days. See United States v. Johnson, 114 F.3d 435, 445 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5705). Spann also had prior convictions for breaking and entering a residence on at least four occasions; these charges were consolidated for judgment and counted as one prior sentence. See USSG § 4A1.2(a)(2) & comment, (n.3).

2

dant who was subject to the maximum two-year sentence could serve less than one year unless he committed major infractions while in custody. However, the guideline plainly defines a felony in terms of the statutory maximum sentence rather than the amount of time served. See United States v. Raynor, 939 F.2d 191, 194-95 (4th Cir. 1991) (misdemeanor carrying two-year maximum sentence properly treated as felony in federal sentencing); see also United States v. Johnson, 114 F.3d 435, 444-45 (4th Cir.) (pre-1994 North Carolina conviction for assault on female exposed defendant to imprisonment of more than a year), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997) (No. 97-5705). Therefore, we find that Spann was correctly sentenced as a career offender.

Accordingly, the sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3